FREDERICK H. COHN

ATTORNEY AT LAW

61 BROADWAY

SUITE 1601

NEW YORK, NY 10006

212-768-1110

FAX 212-267-3024

fcohn@frederickhcohn.com

May 22, 2008

Hon. Alvin K. Hellerstein
United States Court House
500 Pearl Street
New York, NY 10007

Via Fax and ECF

                                        Re: United States v. Tavarez
                                            (S4) 07 Cr 753(AKH)

Dear Judge Hellerstein:

       In the wake of this morning's aborted plea allocution I believe that I can offer some authority for the Court's eventual acceptance of the plea as to one of your questions. As I will explain below, as much as I am able, your familiarity with certain other cases may help the further discussion.

       Your Honor was concerned that merely lying to a police officer would not be sufficient to fulfill the "active hiding" element of the crime. In ***Brogan v. United States***, 522 U.S. 398; 119 S.Ct. 805 ((1998), Justice Scalia, although by way of *dicta*, indicates that such a state of facts would fulfill that element. (P. 418, 816).

       That said, it is not yet clear to me what Mr. Tavarez will truthfully say and I cannot, in any detail, set it forth here. I do say that the Supreme Court has recognized in ***North Carolina v. Alford***, 400 U.S. 25; 91 S.Ct. 160 (1970) that a plea, even one which the defendant enters while disclaiming his guilt in order to avoid a potential harsh sentence, is freely given and not coerced.

       I am not suggesting that the Court take an Alford plea, although I think it is permissible. I am suggesting, however, that a plea where a reasonable jury could find guilt, even if that may seem unlikely, should be accepted by the Court where, as here, the difference between a sentence after trial must be at least ten years and the plea offered by the Government carries with it a stipulated guideline range of 21 to 27 months.

LAW OFFICES
FREDERICK H. COHN

Tavarez plea
May 22, 2008
Page-2-

    The courts of New York have permitted pleas even to non existent crimes for the purposes of plea bargaining. See *People v. Foster*, 19 N.Y. 2d 150, 152, 278 N.Y.S. 2d 603, 605 (1967); See also *People v. Johnson*, 89 N.Y.2d 905, 907-8, 653 N.Y.S. 2d 265, 267 (1996) (attesting to the continued vitality of Foster). So long as the Court is satisfied that the plea entered at least fulfills the basic elements and that the defendant is entering the plea knowingly with the intention of avoiding a much more stringent sentence, then the Court, I respectfully suggest, should allow the plea unless the Court finds that there is no possibility that a jury could find against the defendant on the facts that he allocutes to.

    It is possible that the allocution will continue to be difficult. I ask the court to consider the issue of "conscious avoidance" and that an attempt to commit a misprision is still a crime under Federal law.

Respectfully yours,

Frederick H. Cohn

cc: Marshall A. Camp (by fax)